[No. 3032.    Decided May 15, 1899.]

JULIUS I. KIRSCHBERG, as *Administrator of the Estate of Isaac Kirschberg, deceased, Respondent*, v. JOSEPH MARYMONT *et al., Appellants*.

Appeal from Superior Court, Clallam County.—Hon. JAMES G. McCLINTON, Judge. Affirmed.

*Benton Embree*, for appellants.
*George C. Hatch*, for respondent.

The opinion of the court was delivered by

REAVIS, J.—Creditors' bill filed by plaintiff's intestate to set aside a conveyance made by appellant Marymont to appellant Erna Landsberg to certain lands in Clallam county, upon the ground of fraud. It is alleged that Marymont, being indebted to deceased, Kirschberg, made the conveyance to his sister, Erna Landsberg, without consideration, and with the intent to defraud creditors, with the usual allegations of insolvency on the part of the grantor and knowledge on the part of the grantee of the indebtedness and fraudulent intent of the grantor. Appellants answered separately, denying the fraud, and denying that the conveyance was without consideration, and denying any notice of the indebtedness of the grantor. The consideration alleged by appellants was the payment of a note executed by Marymont to Erna

45—21 WASH.

Landsberg, in the city of New York, some time prior to the conveyance, and the additional sum of $275 paid in cash at the time of the execution of the conveyance. The superior court decreed the conveyance fraudulent and the cancellation thereof, and subjected the premises to the lien of the judgment procured by respondent.

The record and evidence has all been carefully examined, and it would probably be difficult to find a controversy in which the evidence is more directly conflicting. The statements of the respective witnesses interested are equally positive on each side and absolutely conflicting and irreconcilable. We are, therefore, content to accept the conclusion of the trial court, and the determination of the cause resting solely upon a question of fact, the judgment of the superior court is affirmed.

GORDON, C. J., and DUNBAR and ANDERS, JJ., concur.